IN THE DISTRICT COURT FOR THE SOUTHERN
**DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DEONTA WILLIAMS**                                                            **PLAINTIFF**

**VERSUS**                                                   **CAUSE NO.**    1:23cv87HSO-BWR

**JUSTIN MCMASTERS**                                          **DEFENDANT**

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Justin McMasters ("McMasters") removes to this Court the matter of *Deonta Williams v. Justin McMasters, Civil Action No.* **D2402-23-183**, filed in the County Court of Harrison County Mississippi, Second Judicial District. In support, Defendant states as follows:

**INTRODUCTION**

Plaintiff, Deonta Williams ("Plaintiff" or "Williams") filed his complaint on March 13, 2023, in the County Court of Harrison County, Mississippi, Second Judicial District which action is designated *Deonta Williams v. Justin McMasters, Civil Action No.* **D2402-23-183**. *See* Summons and Complaint attached as Exhibit "A." The parties are diverse and the amount in controversy is in excess of $75,000 such that this Court has jurisdiction over the matter.

A.    **The Notice of Removal is timely.**

Williams filed his Complaint on March 13, 2023. *See* Complaint and Summons attached as Exhibit "A". To date, McMasters has not yet been provided a copy of the Summons or Complaint. This Notice of Removal is timely. *See* 42 U.S. § 1446(b)(1).[1]

---

[1] Title 42 U.S. § 1446(b)(1) provides:

(b)Requirements; Generally.—
(1)The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

**B.     The Parties**.

Williams has pled he is an adult citizen residing in Harrison County, Mississippi. Exhibit A (Complaint at ¶ I). Defendant McMasters is an adult residing in the State of Tennessee. *Id.* at ¶ II.

**B.     Facts Alleged in the Complaint.**

1.     Williams alleges injuries sustained in a motor vehicle accident which occurred in Harrison County, Mississippi. *Id.* at ¶¶ III, IV. Williams claims McMasters caused their vehicles to collide. *Id.* at ¶ IV. Specifically, Williams alleges McMasters pulled out in front of his vehicle causing the accident. *Id.* at ¶ V. He claims McMasters negligently failed to keep his vehicle under proper control, negligently failed to keep a proper lookout for other vehicles, and failed to use reasonable care to maintain his vehicle among other things. *Id.* at ¶ VII.

2.     Williams alleges that as a result of the negligence of McMasters he was severely injured and suffers from:

> a. Severe personal injuries to his body, including but not limited to, his head, left wrist, neck and back, which has rendered him temporarily and totally disabled;
>
> b. Physical pain, nervous shock and mental anguish in that she now and in the future and has since the date of the accident suffered excruciating pain in the his neck and back;
>
> c. As a result of said severe personal injuries, it was necessary for Plaintiff to make and he did make and incur certain expenditures and obligations for medical and hospital care and attention;

---

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

      d. Plaintiff is informed and believes, and on such information and belief alleges, that it will be necessary for him in the future to expend further sums for medical care and attention; the exact amount of all such expenses and obligations so incurred and to be incurred by Plaintiff cannot be presently ascertain;

      e. Such severe personal injuries have caused Plaintiff to suffer a decline in health, being unable to get his natural sleep and rest since sustaining said injuries;

      f. Loss of enjoyment of life;

      g. Plaintiff has and in the future will spend sums of money for hospital bills, medical expenses, doctor's care, therapy and treatment, medication and drugs;

      h. Such severe personal injuries have caused and will in the future cause Plaintiff to suffer physical pain and mental anguish, to be permanently disabled and weakened; and

      i. Further, that as a result of this accident, Plaintiff has incurred many out of pocket expenses which he otherwise would not have incurred.

Exhibit A (Complaint at ¶ IX).

**C.    This Court has original subject matter jurisdiction under title 28 U.S.C. § 1332(a).**

The statutory basis for the removal of a case to federal court is set forth at 28 U.S.C. § 1441(a) which states, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." Subject matter jurisdiction here is on the basis of diversity of citizenship under 28 U.S.C. § 1332(a) and because the amount in controversy is greater than $75,000. *Id*.

    **1.    Complete diversity of citizenship exists the parties.**

As alleged in the Complaint, Williams is a resident citizen of Harrison County, Mississippi

and McMasters is a resident in Tennessee. Exhibit A (Complaint at ¶¶ I, II). As such, there is complete diversity of Plaintiff and Defendant.

### 2.     The amount in controversy is more than $75,000.

For removal based on diversity jurisdiction, the amount in controversy must exceed the jurisdictional amount of $75,000. 28 U.S.C. § 1332(a). District courts use two methods to determine the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Removal is proper if it is apparent from the face of the complaint that the plaintiff's claims are likely to exceed $75,000. *Id*. Second, where it is not facially apparent by the complaint that the claims are likely to be above $75,000, a removing party may support federal jurisdiction by setting forth the facts that support a finding of the requisite amount. *Id.*; *see also Beichler v. Citigroup, Inc.*, 241 F. Supp. 2d 696, 699 (S.D. Miss. 2003). Removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. 1332(a).[2] In determining the amount in controversy, the court may refer to the types of claims alleged, as well as the nature of the damages sought. *Allen,* 63 F.3d at 1336; *see also In Re: Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009) (the amount in controversy can be proven from injuries identified in petition).

"When the amount in controversy is not apparent, [the court] may then rely on summary

---

[2]The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

judgment type evidence." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quotation and citation omitted); *see also Maddox v. Walgreen, Co.*, 3:05CV430BN, 2005 WL 8171695, at *2 (S.D. Miss. Aug. 26, 2005). A letter from a plaintiff containing a reasonable estimate of the value of the plaintiff's claims is summary judgment type evidence of the amount in controversy. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded [$75,000], it is *apparent* that removal was proper." )(quotation omitted); *Sunburst Bank v. Summit*, 878 F.Supp. 77, 82 (S.D. Miss. 1995) (implying that a demand letter can be sufficient proof of the amount in controversy); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Gertrude Gardner, Inc. V. State Farm Mutual Automobile Ins. Co.*, 2003 WL 1873863 (E.D. La. 2003) ("settlement offer can be valuable evidence indicating the amount in controversy at the time of removal"); *Archer v. Kelly*, 271 F.Supp. 2d 1320, 1324 (N.D. Okla. 2003)(*pre-suit* demand letter sufficient evidence to show amount in controversy).

      **a.**    **The factual allegations of the Complaint demonstrate the amount in controversy exceeds $75,000.**

Although the Complaint does not state the amount in controversy, the factual allegations of his injuries and damages demonstrate that the amount in controversy exceeds the minimum amount for federal jurisdictional. Williams claims he suffered "severe personal injuries to his body, including but not limited to, his head, left wrist, neck and back, which has rendered him temporarily and totally disabled." Exhibit A (Complaint at ¶ XI (a)). Williams alleges he suffered physical pain, nervous shock and mental anguish in that he now and in the future and since the date of the accident suffered excruciating pain in the his neck and back. *Id.* at ¶ XI (b). According to Williams, as a

result of his severe personal injuries, he incurred expenses and obligations for medical and hospital care and attention and that while certain amounts cannot be "presently ascertained, will have continuing expenses for medical care and attention. *Id.* at ¶ IX(d). Williams alleges his severe personal injuries from the car accident have caused him to suffer a decline in health or to get natural sleep and rest since the time of the accident. *Id.* at ¶ IX(e). Williams alleges claims for a loss of enjoyment of life, future loss of enjoyment of life, future expenditures for future hospital bills, medical expenses, doctor's care, therapy and treatment, medication and drugs. *Id.* at ¶¶ IX(f), (g), (h). Williams alleges that his severe personal injuries from the accident have caused and will in the future cause him to suffer physical pain and mental anguish, to be permanently disabled and weakened. *Id.* at ¶ (h). According to Williams, he has incurred many out-of-pocket expenses which he otherwise would not have incurred. *Id.* at ¶ (h).

      **b.**      **Settlement demand letter establishes the amount in controversy exceeds the jurisdictional threshold of $75,000.**

By letter to defense counsel, Williams' counsel made a settlement demand of and assessing Williams' claims for damages at $80,000.00. *See* Exhibit "B" (Settlement Demand without exhibits). This is sufficient evidence demonstrating that the amount in controversy exceeds, $75,000.00. A letter from a plaintiff that contains a reasonable estimate of the value of the plaintiff's claims is summary judgment type evidence of the amount in controversy. *Maddox*, 2005 WL 8171695, at *3 (citations omitted).

      **c.**      **Factually similar cases demonstrate that the amount in controversy exceeds the federal jurisdictional minimum amount.**

In addition, a party can satisfy its burden of proof for the existence of federal jurisdiction by also presenting factually similar cases in which jury verdicts exceeded the federal minimum

6

jurisdictional amounts. *Beichler,* 241 F. Supp.2d at 701; *Smith v. Associates Capital Bank,* 1999 U.S. Dist. LEXIS 19633, *6 (N.D. Miss. Dec. 3, 1999)(holding the jurisdictional amount was met when defendants cited two factually similar cases in which jury verdicts significantly exceeded the federal minimum jurisdictional amount). Moreover, when assessing whether the amount in controversy meets the jurisdiction minimum, this Court has considered and recognized also that "Mississippi's federal courts have held that 'Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.'" *Anazia v. Allstate Prop. and Casualty Ins. Co.*, 2020 WL 1955263, at *2 (S.D. Miss. Apr. 23, 2020) (quoting *Anderson v. Wells Fargo Bank*, Civ. No. 2:15-cv-88, 2015 WL 4775356, at *2 (S.D. Miss. 2015) (quoting *Sun Life Assur. Co. v. Fairly,* 485 F. Supp.2d 731, 735 (S.D. Miss. 2007)) (quoting *Holmes v. Citifinancial Mortgage Co.,* 436 F.Supp. 2d 829, 830–31 (N.D. Miss. 2006)). Jury verdicts exceeded the jurisdictional minimum in the following similar cases:

(a) *Kirkland v. Barnett*, 25CI 1:17-CV-00474-TTG, Hinds County Circuit Court (February 28, 2019) (jury verdict in the amount of two million dollars in case where plaintiff alleged defendant ran a red light and caused a collision)(See Final Judgment attached as Exhibit "C");

(b) *Gilbert v. Goforth*, 2018 WL 4859128, (Lamar County Circuit Court of Mississippi, January 10, 2018)(jury verdict for $515,000 for plaintiffs' personal injuries to their necks, heads, shoulders, backs and chests from car accident)(see Exhibit "D");

(c) *Lewis v. Blakeney*, 2019 WL 5688117 (Circuit Court of Hinds County, Mississippi, October 14, 2019) (jury awarded $226,000 in car accident case where plaintiff sought damages for medical expenses, lost wages or lost earning capacity, and pain and suffering)(see Exhibit "E").

As these jury verdicts show similar alleged claims of injuries and damages valued at more

than the federal minimum jurisdictional amount, Defendant has met his burden to demonstrate that the jurisdictional minimum amount of Plaintiff's damages is more than $75,000.

In short, considering the nature of the Plaintiff's "severe personal injuries," the permanency of his injuries and the physical pain and mental anguish suffering Williams expects will continue for the foreseeable future and the fact that Plaintiff has already made a demand for $80,000.00, it is more likely than not that the amount-in-controversy is more than $75,000. Thus, the amount-in-controversy requirement for federal jurisdiction is met.

**D.     Notice of Filing**

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit thereto, will be filed with the Second Judicial District Circuit Clerk of Harrison County, Mississippi, as provided by law. Pursuant to 28 U.S.C. 1446(a), Defendant attaches as Exhibit "F", a copy of all process, pleadings and orders received by Defendant in this case.

**WHEREFORE PREMISES CONSIDERED**, Defendant respectfully submits this Notice of Removal of the State Court Action to this Court. Defendant requests any further relief to which he may be entitled.

Respectfully submitted, this the 4th day of April, 2023.

> **BY:** *s/ Stephen G. Peresich*
> **STEPHEN G. PERESICH, MSB #4114**
> **JOHANNA M. MCMULLAN, MSB #9901**
> **PAGE, MANNINO, PERESICH**
> **& MCDERMOTT, PLLC**
> **759 HOWARD AVENUE**
> **BILOXI, MS 39530**
> **(228) 374-2100/Fax: (228) 432-5539**
> stephen.peresich@pmp.org
> Johanna.mcmullan@pmp.org